IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PHYLLIS L. HEWLETT,

    Plaintiff,

V.                                                CIVIL ACTION NO. 3:06-0966

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her applications on May 13, 2003, alleging disability commencing March 6, 2003, as a consequence of arthritis in her hands and back. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was sixty years of age and had obtained an eleventh grade education. Her past relevant employment experience consisted of work on an assembly line as a sewing machine operator. Plaintiff has not engaged in any substantial gainful activity since her alleged onset date. In his decision, the administrative law judge found that plaintiff

suffered from "osteoarthritis of the hands (and status post carpal tunnel surgery); lumbar and cervical disease; hypertension; lung disease; arthritis of the joints (knees and shoulders); and left ankle problem status post fracture," impairments which he considered severe.[1]  Concluding that she had the residual functional capacity for a limited range of light level work and that her past work would not be precluded by these limitations, the administrative law judge found plaintiff not disabled.

Plaintiff alleged multiple inadequacies in the administrative law judge's opinion: failure to arrive at a proper residual functional capacity; failure to arrive at a proper credibility assessment; and failure to arrive at a proper hypothetical question.  These alleged inadequacies will be addressed in turn.

First, with regard to residual functional capacity, plaintiff states that the administrative law judge did not consider her abilities on a function by function basis and rejected the opinions of every treating and consultative physician.

When evaluating a plaintiff's residual functional capacity the administrative law judge must "first identify the individual's functional limitations or restrictions and assess his or her work-related activities on a function-by-function basis . . . Only after that may RFC be expressed in terms of the exertional levels of work."[2]  The administrative law judge clearly defined what he concluded to be the plaintiff's residual functional capacity, in terms of both exertional and non-exertional limitations.  The administrative law judge did not merely state the plaintiff's residual functional capacity in terms of the exertional levels of work, i.e. sedentary, light, medium, heavy, and very heavy; but instead set forth her residual functional capacity in explicit terms, stating the amount of weight she could lift,

---

[1] See Tr. at 15-16

[2] See SSR 96-8p

2

carry, push, and pull as well as her abilities in each of the postural areas and what environmental conditions were limited for her.[3] The administrative law judge presented these limitations to the vocational expert who then stated they were consistent with a limited range of light level work. Therefore, contrary to plaintiff's allegations, the administrative law judge evaluated plaintiff's limitations on a function by function basis. The administrative law judge asked the vocational expert what the exertional requirements of plaintiff's past job were, both as she performed it and as it is performed in the national economy. This witness stated that, as she performed it, plaintiff's past job was at the medium exertional level; however, as it is generally performed, it is classified as light and unskilled. The administrative law judge properly relied on this description of sewing machine operator jobs as performed in the national economy, as the vocational expert testified that such descriptions were consistent with the DOT. Based on this evidence, the administrative law judge concluded that plaintiff was capable of performing her past relevant work as it is generally performed in the national economy. This finding is clearly supported by substantial evidence and plaintiff's allegations on this issue are without merit.

Plaintiff next argues that the administrative law judge erred in rejecting the opinions of Dr. Holmes and Dr. Askin. The regulations make clear that "[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . .."[4] They also state that "[t]he responsibility for deciding your residual functional capacity rests with the administrative law judge or Appeals Council."[5] Additionally, they state that the Commissioner "will always give good

---

[3] Tr. at 18, 20.

[4] 20 C.F.R. §§ 404.1527(e)(3) and 416.927(e)(3)

[5] Id. §§ 404.1546 and 416.946

3

reasons in our notice of determination or decision for the weight we give your treating source's opinion."[6] Therefore, it is the Commissioner's responsibility to make the final decision regarding the plaintiff's abilities, and he has the right to reject a medical opinion so long as he gives reasons therefor, and those reasons are supported by the evidence.

The administrative law judge explicitly stated his reasons for not according great weight to the opinions of Dr. Holmes and Dr. Askin. First, Dr. Holmes was not a treating physician, but only performed a consultative exam of plaintiff. The administrative law judge dismissed Dr. Holmes' assessment because he did not feel that the limitations imposed were consistent with the entire medical record.[7] Second, the administrative law judge rejected the consultative opinion of Dr. Askin because he based all of his restrictions on the age of the plaintiff. This type of restriction is clearly prohibited by SSR 96-8p.

The plaintiff's assertion that the administrative law judge rejected all of the medical opinions in the record is clearly unfounded. In fact, he took into account all of the medical evidence in the record, and determined plaintiff's residual functional capacity on that basis. He specifically noted that her clinical signs were mild, her treatment regimen was quite modest, and her activities of daily living were generally good. The administrative law judge is to consider the record as a whole and determine the plaintiff's residual functional capacity based on the entire record, giving appropriate weight to the evidence as necessary. It is clear that substantial evidence supports the administrative law judge's findings on these matters.

---

[6] Id. §§ 404.1527(d)(2) and 416.927(d)(2)

[7] In support of his finding the administrative law judge cites the fact that plaintiff had no spasm, good range of motion, no neurological focal deficits, normal gait, negative straight leg raising, negative x-ray, and a modest treatment regimen.

The plaintiff also alleged that the administrative law judge did not arrive at a proper credibility assessment. The regulations describe a two-step process for evaluating symptoms.[8] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[9] After this has been established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[10] When an individual makes statements regarding her symptoms that are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.[11]

In this particular claim the administrative law judge found the plaintiff's credibility to be poor. He based this finding on numerous inconsistencies in the record. He noted that at the hearing plaintiff maximized her limitations and minimized her abilities; she reported different dates for her discontinuation of work and reasons therefor; she was prepared to accept unemployment when the factory where she worked closed, meaning she was willing to represent her ability to continue work to a different government agency; and her answers to various questions regarding her abilities were inconsistent. The administrative law judge also cited the fact that her treatment regimen and objective findings were relatively mild, which is completely inconsistent with the degree of

---

[8] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p

[9] Id.

[10] Id.

[11] Id.

limitation plaintiff was alleging. In light of the foregoing, it is clear that substantial evidence supports the Commissioner's decision regarding plaintiff's credibility.

Lastly, the plaintiff alleged that the administrative law judge did not pose an appropriate hypothetical question to the vocational expert. To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). The administrative law judge's hypothetical questions to the vocational expert included all of plaintiff's impairments that were supported by the evidence, including exertional and nonexertional limitations.[12] Based on the foregoing, and contrary to plaintiff's allegations, this Court finds that the administrative law judge's hypothetical questions to the vocational expert were proper and made in accordance with the applicable law and regulations.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: July 16, 2009

/s/ Maurice S. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[12] Tr. at 70-72

6